The following constitutes the order of the court.
Signed October 7, 2013

_____
William J. Lafferty, III
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

In re                                           )
                                                )
KYT Corporation                                 )   Case No. 11-45194
                                                )
                    Debtor.                     )   Chapter 7
_____)

**MEMORANDUM OF DECISION REGARDING ATTORNEY DAVID YANG'S APPLICATION FOR COMPENSATION AND CHAPTER 7 TRUSTEE LOIS BRADY'S COUNTER MOTION FOR DISGORGEMENT**

This matter concerns Attorney David Yang's Application for Compensation filed June 4, 2013 and responses to that Application by chapter 7 trustee Lois Brady and the Office of the U.S. Trustee. The Court notes three issues that arise out of the Application, subsequent oppositions by Ms. Brady and the U.S. Trustee, and Ms. Brady's Counter Motion for Disgorgement: First, whether the unapplied portion of the $15,000 retainer held by Mr. Yang on the petition date was property of the estate and must therefore be turned over to the estate; Second, whether Mr. Yang as counsel to the debtor who was not employed as an estate professional under 11 U.S.C. § 327 can be compensated under 11 U.S.C. § 330 for services rendered to the debtor post-petition; And third, as argued by Ms. Brady, whether Mr. Yang represented two clients with adverse interests and must therefore disgorge the full $15,000 retainer.

The Court held hearings on August 21, 2013 and September 25, 2013. Appearances were as noted on the record. The Court disposed of the first two issues at the hearings. For the reasons stated on the record, the Court held that the $3,875 unapplied balance of the retainer was property of the estate as of the filing of the petition. The Court allowed two amounts to be applied to the retainer *nunc pro tunc* - $350 in pre-petition fees and $299 for the chapter 7 filing fee - resulting in a total amount of $3,226 to be turned over to the trustee. Also, for the reasons stated on the record, the Court denied Mr. Yang's application for compensation for the full amount requested, $6,859.

The Court took the final issue, whether Mr. Yang must disgorge the full $15,000 retainer because of a conflict of interest, under submission. After due consideration, the Court now determines that no disgorgement will be ordered under the circumstances.

The Court notes that a live issue exists regarding whether Mr. Yang ran afoul of California Rule of Professional Conduct 3-310, *Avoiding the Representation of Adverse Interests*. Ms. Brady contends that the time entries provided by Mr. Yang in support of his application for compensation contained descriptions that demonstrated the representation of two clients with adverse interests, i.e. Mr. Yang's concurrent post-petition representation of the chapter 7 debtor and its pre-petition principal David Tsang. The Court notes that at least three time entries might suggest a conflict - the December 24, 2012 entry "[r]eview email from client re bankruptcy status and M. Mcquaid's demand of $29,000 refund letter dated 12/21/12", the January 10, 2013 entry "[t]el call to client re filing Proof of Claim, response ltr to Trustee", and the March 20, 2013 entry "[r]eview email from client re refund $24,000 to trustee." Based on these entries, Ms. Brady argued that Mr. Yang represented Mr. Tsang in matters directly adverse to the bankruptcy estate's interest.

The result of concurrent representation of clients with adverse interests could be the disgorgement of the full amount of fees for services rendered *after* the conflict arose. This is consistent with decisions on this subject by the Ninth Circuit Court of Appeals and from within this District. *See In re GRI Commercial Mortgage LLP*, 2013 WL 4647300 (N.D. Cal. August 29, 2013) (affirming the Bankruptcy Court's decision to approve fees up until the conflict arose);

1 *In re Occidental Financial Group, Inc.*, 40 F.3d 1059 (9th Cir. 1994) (affirming the Bankruptcy Court's order to disgorge fees where the conflict existed at the time that the attorney was engaged by the client). Here, there is no evidence before the Court that any conflict came into existence before December 24, 2012.

Assuming, but not finding, that a conflict existed after December 24, 2012, this Court would then determine the amount to be disgorged from and after the conflict. The Court notes that Mr. Yang billed a total of 16.1 hours from and after December 24, 2012, which results in a total of $5,635 in attorney fees accrued after the first entry that suggests a conflict of interest. Costs for this period were itemized at approximately $55. The Court further notes that the total possible disgorgement amount of $5,690 does not exceed the amount that Mr. Yang was not paid for his services, $6,859, pursuant to the denial of his application for compensation. As a result, even if a conflict were found, disgorgement would not be an appropriate remedy under the circumstances.

Based on the foregoing, the amount that Mr. Yang must turn over to the estate is limited to the $3,226 that was determined property of the estate and will not include any amount in disgorgement.

**END OF MEMORANDUM DECISION**

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | David J. Yang<br>Law Offices of David J. Yang |
| 3 | 1 Sansome Street, #3500<br>San Francisco, CA 94104 |
| 4 | |
| 5 | Lois I. Brady<br>P.O. Box 12425<br>Oakland, CA 94604 |
| 6 | |
| 7 | Lynette C. Kelly<br>U.S. Office of the U.S. Trustee<br>1301 Clay St. |
| 8 | Oakland, CA 94612 |